

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

MAY - 9 2016

TONY R. MOORE, CLERK
BY_____
                    DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO: 5:11-CR-317-04 |
| | CIVIL NO.: 5:13-CV-3085 |
| VERSUS | JUDGE DONALD E. WALTER |
| ROBIN RAY JAMES, JR. (04) | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the court is a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C.

§ 2255, [Doc. #418], filed by defendant Robin Ray James, Jr. ("James"). For the following

reasons, the motion is **DENIED.**[1]

### I. BACKGROUND

On December 14, 2011, a grand jury in the Western District of Louisiana returned a

34-count indictment charging 13 defendants with various drug and firearm offenses. [Doc. #1].

James was named in counts 1, 2, 3, 21, and 22. *Id.* In count 1, James was charged (along with

all the other co-defendants) with conspiracy to possess with intent to distribute 5 kilograms or

more of a mixture and substance containing a detectable amount of cocaine, a Schedule II

controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *Id.* at 2. On April 26,

2012, James pled guilty to the conspiracy charge in count 1. [Doc. #235]. In a plea agreement,

---

[1] Pursuant to Rule 4(b) of the Rules Governing 2255 Proceedings for the United States District
Courts, the court determines that no answer is necessary. Additionally, because James's claims are
contrary to law and plainly refuted by the record, no evidentiary hearing is required. *United States v.
Green*, 882 F.2d 999, 1008 (5th Cir. 1989).

-1-

the government agreed to dismiss the remaining counts against James at sentencing. [Doc. #237, pp. 1–2]. James also acknowledged in the plea agreement that, because he had a prior felony drug conviction,[2] his guilty plea subjected him to a mandatory sentence of not less than 20 years nor more than life imprisonment under 21 U.S.C. § 841(b)(1)(A)(ii) and 21 U.S.C. § 851. *Id.* The court accepted James's guilty plea and ordered the United States Probation Office to prepare a Presentence Investigation Report ("PSR"). [Doc. #235].

The conspiracy of which James stands convicted was described in the factual basis for James's guilty plea. According to the factual basis, defendants Darien Reliford and Darien Jones arranged for the delivery of cocaine from Dallas, Texas to Shreveport, Louisiana, where they would then sell or front the cocaine to the other defendants to sell on the street. [Doc. #237-2, p. 1]. James was one of the street-level dealers. *Id.* A confidential informant from the Drug Enforcement Agency executed controlled purchases from James, during which James sold the confidential informant both powder and crack cocaine. *Id.* at 2. Power and crack cocaine were also discovered at James's home when federal agents executed a search warrant there. *Id.* James, who was present during the search and was arrested at that time, admitted to selling cocaine and identified his suppliers. *Id.* The specific amounts of powder and crack cocaine that were seized from James's home, as well as the specific amounts purchased from James by the confidential informant, were set forth in the factual basis. *Id.*

Per the court's instructions, the Probation Office completed James's PSR on August 6, 2012. [Doc. #351]. The PSR utilized the November 1, 2011 edition of the United States

---

[2] The government properly filed notice of its intent to rely on a prior felony conviction under 21 U.S.C. § 851. [Doc. #233]. The predicate felony was James's 2005 conviction for possession of cocaine in Caddo Parish, Louisiana. *Id.*

Sentencing Commission Guidelines Manual ("U.S.S.G."). Based on James's role in the conspiracy, his criminal history, and his acceptance of responsibility, the PSR ultimately arrived at a guideline sentencing range of 262 to 327 months. *Id.* at 8–15.

Before sentencing, the government moved for a downward departure from the guideline range under U.S.S.G. § 5K1.1. [Doc. #270]. Specifically, the government recommended that James receive the statutory mandatory minimum sentence due to his substantial assistance with the investigation. *Id.* The court granted the government's motion during the sentencing hearing, and sentenced James to the mandatory minimum of 240 months imprisonment and 120 months of supervised release. [Docs. ##302, 303]. Judgment was entered on November 16, 2012, at which time the remaining counts against James were dismissed. [Doc. #304]. James did not pursue a direct appeal.

On November 14, 2013, James timely filed the instant motion under 28 U.S.C. § 2255. [Doc. #218]. Therein, James claims that his court-appointed attorney provided ineffective assistance of counsel in violation of the Sixth Amendment when he advised James to plead guilty. *Id.* at 5–7. Specifically, James claims that his lawyer failed to understand that only the specific amount of drugs attributable to James should have been used to calculate his sentence, and also that counsel failed to adequately investigate what those amounts were. *Id.* James also claims that there is insufficient evidence that he had knowledge of the full scope of the drug distribution conspiracy, and thus his conviction and sentence cannot be sustained. *Id.* at 8–14.

## II. LAW & ANALYSIS

Under 28 U.S.C. § 2255(a), a federal prisoner may seek to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws

-3-

of the United States, or that the court was without jurisdiction to impose such sentence, or that

the sentence was in excess of the maximum authorized by law, or is otherwise subject to

collateral attack . . . ." Although this language appears broad, the grounds for relief under § 2255

are actually narrow. *United States v. Smith*, Criminal No. 11-0152, Civil No. 6:14-3182, 2015

WL 6438874 at*2 (W.D. La. Sep. 14, 2015). As the Supreme Court has consistently recognized,

a collateral challenge under § 2255 "may not do service for an appeal." *United States v. Frady*,

456 U.S. 152, 165 (1982). Rather, after conviction and exhaustion or waiver of a defendant's

right to appeal, a court is "entitled to presume that the defendant stands fairly and finally

convicted." *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991) (quoting *Frady*, 456

U.S. at 164). Thus, the only issues that may be presented in a § 2255 motion are issues of

jurisdictional or constitutional magnitude. *Shaid*, 937 F.2d at 232. Additionally, as a general

rule, a defendant may not raise a jurisdictional or constitutional issue for the first time in a

§ 2255 motion  unless he shows "cause" for failing to argue to the issue on direct appeal and

"actual prejudice" resulting from the alleged error. *Id.* However, a showing of cause and

prejudice is not required "in an extraordinary case . . . in which a constitutional violation has

probably resulted in the conviction of one who is actually innocent." *Id.* (quoting *Murray v.*

*Carrier*, 477 U.S. 478, 496 (1986)).

## A. James's Ineffective-Assistance Claims Lack Merit

Claims of ineffective assistance of counsel are of a constitutional magnitude and are

therefore cognizable under § 2255. *United States v. Gaudet*, 81 F.3d 586, 589 (5th Cir. 1996).

Furthermore, the "cause" and "actual prejudice" standard does not apply to claims of ineffective

assistance of counsel. *Massaro v. United States,* 538 U.S. 500, 504 (2003). Accordingly, the court may examine James's ineffective-assistance claims.

In order to prevail on an ineffective-assistance claim, the defendant must prove: (1) that his counsel's actions fell below an objective standard of reasonableness; and (2) that the deficient performance resulted in prejudice. *See Strickland v. Washington,* 466 U.S. 668 (1984). The two prongs of the *Strickland* test need not be analyzed in any particular order. *See Goodwin v. Johnson,* 132 F.3d 162, 173 n.6 (5th Cir. 1998). Additionally, if the defendant does not make a sufficient showing as to one prong of *Strickland*, then the other prong need not be considered. *See Tucker v. Johnson,* 115 F.3d 276, 280 (5th Cir. 1997).

Under the first prong of *Strickland*, the defendant must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. The court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. *Id.* at 689. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." *Id.* at 690.

To establish prejudice, the second prong of *Strickland*, the defendant must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. A defendant is not prejudiced if "the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him."

-5-

*Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).  Moreover, "[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." *Green v. Johnson*, 160 F.3d 1029, 1042–43 (5th Cir. 1998).

 Where, as here, the defendant has been convicted pursuant to a guilty plea, the only question for the court to determine is whether the defendant's decision to enter the guilty plea was voluntary. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008).  "[O]nce a guilty plea has been entered, all nonjurisdictional defects in the proceedings against the defendant are waived, and the waiver includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Id.*  Thus, to prove prejudice for an ineffective-assistance claim in the context of a guilty plea, the defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).  The "prejudice" element requires more than a mere allegation; the defendant must affirmatively prove it. *United States v. Thompson*, 44 F.3d 1004, 1995 WL 10515, at * 2 (5th Cir. 1995) (unpublished table decision).

 Under the above standards, James's ineffective-assistance claims fail.  James alleges that his counsel failed to understand the proportional sentencing system for drug conspiracy offenders.  Furthermore, he claims that his counsel failed to determine the specific amount of drugs attributable to James, and he was thus ineffective "for not conducting an investigation to know the details in certain documents" and "for not viewing the discovery documents." [Doc. #418, pp. 5, 7].  However, James acknowledged in his plea agreement that he and his counsel had discussed the nature of the evidence against him and the penalties he could face.

[Doc. #237, pp. 3, 5]. James now claims otherwise, but his claims are purely conclusory and fail

on that basis alone. *Green*, 160 F.3d at 1042–43. Additionally, James fails to establish that his

lawyer's allegedly deficient performance affected the voluntariness of his guilty plea. In other

words, there is no credible suggestion that James would not have pled guilty and would have

insisted on going to trial had his lawyer given him different advice.

Even assuming that James has identified any supposedly deficient advice meriting review,

James's claims are belied by the record. Contrary to James's assertions, the specific quantities of

drugs attributable to James *were* taken into account. The offense conduct section of James's

PSR listed the specific quantities of drugs that were seized from James's home and purchased

from James by the confidential informant.  [Doc. #351, pp. 5–6]. The PSR explicitly stated that

> [a]lthough the investigation in this case revealed the overall drug amounts involved
> in this criminal conspiracy involved 5 kilograms or more of cocaine, it was
> determined that [James's] responsibility and knowledge in this case was limited to
> 155.2 net grams of powder cocaine and 27.7 net grams of crack cocaine.
> Additionally, this was based upon the information listed in the factual basis as
> outlined by the Government, in addition to further consultation with the Government
> in this matter.

*Id.* at 6, ¶ 25 (emphasis added). The PSR used these amounts to calculate James's base offense

level at 26. *Id.* at 7. After adjusting the base offense level according to James's criminal history

and acceptance of responsibility, the PSR arrived at a total offense level of 34 and a guideline

sentencing range of 262–327 months. *Id.* at 7–9, 15–16.

Accordingly, the PSR made the required individualized factual findings about the scope

of James's involvement in the conspiracy. *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.3

cmt. n. 2 (U.S. SENTENCING COMM'N 2011). The specific quantities discussed in the PSR were

based on the factual basis of James's guilty plea, facts which James acknowledged were true and

-7-

correct. [Doc. #237-2]. Thus, because the PSR performed the action that James claims his counsel failed to bring about, there is no indication that James suffered any articulable prejudice. The lack of prejudice is further evident from the fact that the lowest sentence James would have received based on the specific drug amounts—262 months—is *higher* than the mandatory minimum sentence of 240 months that James ultimately received when the court granted the government's motion for downward departure. *See United States v. Herrera*, 412 F.3d 577, 580–82 (5th Cir. 2005) (explaining that, in order to establish prejudice as a result of attorney error at sentencing, the defendant must show that the error resulted in some amount of increased jail time).

The fact remains that James pled guilty to conspiracy to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Due to James's prior felony conviction, his guilty plea subjected him to a mandatory minimum sentence of 20 years imprisonment and 10 years of supervised release under 21 U.S.C. § 841(b)(1)(A)(ii), and James explicitly acknowledged the mandatory minimum sentence in his plea agreement. [Doc. #237, pp. 2–3].[3] There is no indication that the voluntariness of James's plea was affected by his counsel's actions, and therefore his ineffective-assistance claims fail. *See, e.g.*, *United States v. Jones*, Criminal Action No. 12-1047, Civil Action No. 12-1047, 2015 WL 5159263 (W.D. La. Sep. 1, 2015); *United States v. Vallery*, Criminal Action No. 06-269, 2009 WL 2488131 at *4–*5

---

[3] The Fifth Circuit recognized in *United States v. Randall* (an appeal filed by one of James's co-defendants) that a fact which increases the mandatory minimum sentence may be admitted by the defendant. 595 F. App'x 454, 456–57 (5th Cir. 2015). In such a situation, a jury does not need to find the existence of that fact beyond a reasonable doubt.

(E.D. La. Aug. 11, 2009); *United States v. Rigmaiden*, Cr. No. 04-201128-01, Civil No. 08-889, 2009 WL 2370668 at*4–*5 (W.D. La. July 29, 2009).

**B. James's Remaining Claims Are Not Cognizable**

The remainder of James's § 2255 motion essentially claims that the evidence against him merely establishes that he bought drugs from co-defendant Darien Reliford, but not that he had any knowledge of a larger conspiracy to distribute drugs. [Doc. #418, pp. 8–14]. In other words, James now claims that the evidence does not support his conviction and sentence. These claims cannot be considered on collateral review.

The Fifth Circuit has long held that a voluntary guilty plea precludes consideration of a challenge to the sufficiency of the evidence because such a claim does not relate to the voluntariness of the plea. *E.g.*, *United States v. Hanyard*, 762 F.2d 1226, 1229–30 (5th Cir. 1985); *see also United States v. Valdez*, Criminal No. 06-60074-08, Civil No. 6:11-1665, 2013 WL 696914 at *20–*21 (W.D. La. Feb. 4, 2013). James voluntarily admitted that he was guilty of the charged offense of conspiracy. [Doc. #237]. Because James makes no claim that his guilty plea was involuntary, his claims are procedurally barred. *Valdez*, 2013 WL 696914 at *20–*21.

To the extent that James is attempting to assert a claim of "actual innocence," his claim likewise fails. "Actual innocence" is not a freestanding basis for relief under § 2255. *Foster v. Quarterman*, 466 F.3d 359, 367–68 (5th Cir. 2006). Rather, a showing of actual innocence allows a court to reach the merits of claims that are otherwise procedurally barred. *Id.* In this context, "actual innocence" means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

-9-

As such, a defendant asserting actual innocence must

> (1) present new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence; (2) that was not presented at trial; and (3) must show, that in light of this new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.

*Valdez*, 2013 WL 696914 at \*21 (quoting *House v. Bell*, 547 U.S. 518, 537 (2006)). "Examples

of new, reliable evidence include exculpatory scientific evidence, credible declarations of guilt

by another, trustworthy eyewitness accounts, and certain physical evidence." *Valdez*, 2013 WL

696914 at \*21 (citing *Fairman v. Anderson*, 188 F.3d 635, 645 (5th Cir.1999)).

Here, James admitted that the government's allegations were true and correct, and that

such facts were sufficient to establish that he was guilty of conspiracy, when he signed the factual

basis for his guilty plea. [Doc. #237-2]. James presents no evidence whatsoever showing that

the facts to which he admitted are false, much less the type of evidence necessary to establish

actual innocence. As such, there is no basis on which the court may reach the merits of James's

remaining claims.

## IV. CONCLUSION

For the foregoing reasons:

**IT IS ORDERED** that James's motion to vacate, set aside, or correct his sentence

pursuant to 28 U.S.C. § 2255, [Doc. #418], be and is hereby **DENIED** and that this matter be and

is hereby **DISMISSED WITH PREJUDICE**.

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States

District Courts requires the district court to issue or deny a certificate of appealability when it

enters a final order adverse to the applicant. The court, after considering the record in this case

and the standard set forth in 28 U.S.C. § 2253(c)(2), hereby **DENIES** a certificate of

appealability because James has not made a substantial showing of the denial of a constitutional

right.

THUS DONE AND SIGNED, in Shreveport, Louisiana, this _____9_____ day of

_____May_____, 2016.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE